UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RAY,

    Petitioner,

                                                              Case Number: 2:09-CV-13653

v.                                                   Honorable Patrick J. Duggan

SHERRY L. BURT,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO WITHDRAW HIS MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE AND GRANTING HIS MOTION TO WITHDRAW HIS HABEAS CORPUS PETITION

On September 15, 2009, Petitioner John Ray filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Florence Crane Correctional Facility in Coldwater, Michigan, challenges his conviction in 2007 for aggravated stalking. Respondent filed a response to the petition on March 19, 2010. On April 19, 2010, Petitioner filed a motion to hold his petition in abeyance; however on October 25, 2010, he filed a motion to withdraw his habeas petition in which he also requests to withdraw his motion to hold his petition in abeyance.

In his motion to withdraw his habeas corpus petition, Petitioner asks the Court to allow him to withdraw his petition because he has been unable to locate case law to support his habeas claims. He also asks the Court to allow him to withdraw his Motion to

Hold Petition for Writ of Habeas Corpus in Abeyance.

Rule 11 of the Rules Governing Section 2254 Cases provides that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings where such rules are not inconsistent with the Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 41(a)(2) provides that, once an answer or motion for summary disposition has been filed, a matter may be voluntarily dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a voluntary dismissal pursuant to Rule 41(a)(2) is a matter within the district court's discretion. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In determining whether to grant a dismissal without prejudice, the Court should consider whether the defendant would suffer "'plain legal prejudice'" as a result of a dismissal without prejudice. *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The prospect of a second lawsuit, by itself, is insufficient to establish "plain legal prejudice." *Id.*

In this case, voluntary dismissal of the petition is appropriate because there is no evidence that Respondent will suffer prejudice from the dismissal. The prospect of a second habeas petition in the future, by itself, is insufficient to establish prejudice. *See Thomas v. Scutt*, No. 09-cv-13819, 2010 WL 3940645, at *1 (E.D. Mich. Oct. 6, 2010) (citing *Doster v. Jones*, 60 F. Supp. 2d 1258, 1260 (M.D. Ala. 1999)); *Williams v. Caruso*, No. 07-cv-11291, 2008 WL 544954, at *1 (E.D. Mich. Feb. 25, 2008). The Court therefore grants Petitioner's request to withdraw his petition for a writ of habeas

corpus.  As such, Petitioner's request to withdraw his motion to hold that petition in abeyance also is granted.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion to Withdraw Habeas Corpus Petition and Request to Withdraw Motion to Hold Petition for Writ of Habeas Corpus in Abeyance are **GRANTED**;

**IT IS FURTHER ORDERED**, that the matter is **DISMISSED WITHOUT PREJUDICE**.

DATE: December 9, 2010

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
John Ray, #191746
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI   49036

Andrea M. Christensen, Esq.